UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HENRY R BROWN,

          Petitioner,

    v.                                                Case No. 15-cv-1303-bhl

UNITED STATES OF AMERICA,

          Respondent.

## ORDER DENYING MOTION FOR RECONSIDERATION

        On March 17, 2022, this Court entered an order and judgment denying petitioner Henry Brown's motion for habeas relief under 28 U.S.C. Section 2255. (ECF Nos. 27 & 28.) On April 14, within the 28-day window to file a Fed. R. Civ. P. 59 motion for post-judgment relief, Brown moved the Court to reconsider its order. (*See* Fed. R. Civ. P. 59(e); ECF No. 29.) Because the motion does not identify any valid reason to alter or amend the order or judgment, it will be denied.

        "A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 772 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). Brown's motion does not identify any newly discovered evidence, so he can only prevail if he identifies a manifest error of law or fact.

        In his motion, Brown primarily rehashes arguments the Court has already rejected. This is not a basis for relief. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments"). Beyond rearguing his losing positions, Brown raises only two new issues, both factual points in the Court's order that he contends were mistaken. Neither warrants reconsideration.

First, Brown suggests that the Court improperly implied that he was driving the car that led Police Lieutenant Kevin Keag on a high-speed chase on November 30, 2006. (ECF No. 29 at 3.) According to Brown, someone else was driving, and the driver was arrested, while Brown escaped on foot. (*Id.*) The Court's order never states outright that Brown was driving. (*See* ECF No. 27.) Even if it had, this mistake would not alter any of the legal analysis. Counsel still would not have been imprudent for failing to call Brown's brother—the owner of the car Brown escaped from—to testify that at the time Brown was using that car, the brothers were estranged. This is true for the same reasons listed in the Court's order.

Second, Brown argues that the Court erred when it stated that Markita Lewis "provided her Illinois license, which listed her address as 1441 Morris Avenue, Berkely, Illinois." (ECF No. 27 at 2; ECF No. 29 at 4.) According to Brown, Lewis actually presented police officers with a fake license, but that license did list her address as 1441 Morris Avenue, Berkely Illinois. (ECF No. 29 at 4.) Again, if true, this fact makes no difference to the ultimate outcome. The license provided justification to investigate 1441 Morris Avenue, and that investigation led to evidence used to convict Brown independent of any potentially illegal GPS monitoring that might have occurred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Henry Brown's motion for reconsideration under Fed. R. Civ. P. 59, ECF No. 29, is **DENIED**.

Dated at Milwaukee, Wisconsin on May 2, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge